# Supreme Court of Texas

No. 22-0295

City of Houston,

*Petitioner*,

v.

Crystal Green,

*Respondent*

On Petition for Review from the
Court of Appeals for the Fourteenth District of Texas

**PER CURIAM**

This case arises from a motor-vehicle accident involving a municipal police officer who was responding to an emergency call. The primary issue is whether the record contains evidence that the officer was driving "with reckless disregard for the safety of others" at the time of the accident. We conclude it does not. Because the officer was responding to an emergency and was not driving with reckless disregard, the Texas Tort Claims Act does not waive the City's governmental immunity. We therefore reverse the court of appeals' judgment and render judgment dismissing the claims against the City.

Samuel Omesa is a City of Houston police officer. Around 3:00 a.m. on March 18, 2017, he received a "priority two"[1] service call regarding a suspect armed with a handgun and a screwdriver. Omesa had assisted another unit at the same location with the same suspect earlier in his shift. Omesa testified that, after receiving the second call, he activated his emergency overhead lights and drove northbound on Hillcroft Avenue, averaging 35 to 40 miles per hour, "intermittently" activating his audible siren. He claimed that he came to a complete stop and looked both ways before proceeding at each intersection he crossed.

As Omesa approached the intersection at Richmond Avenue, the traffic light was red. He claims that he came to a complete stop and observed all traffic also completely stop before proceeding through the red light into the intersection. After safely crossing the first few lanes of the intersection, and while traveling around 10 to 20 miles per hour, Omesa collided with a vehicle driven by Crystal Green, in which Michelle Cummings was a passenger. Omesa stated that even though he forcefully applied his brakes, he was unable to avoid the collision. Omesa claimed that Green's car was traveling very fast, appeared from behind other vehicles that had stopped, and did not have its headlights on. While Omesa is certain his emergency lights were turned on at the

---

[1] A priority-two call is considered an emergency call. Omesa testified that it represents "in-progress property crimes and/or potential threat to human welfare[] and assume[s] that if not in progress, the event recently occurred, or response to the scene is urgent." The standard response is without emergency equipment, but officers have discretion to use emergency equipment if the situation warrants it.

time of the accident, he could not specifically remember if he activated his siren before proceeding through the intersection.

Contradicting Omesa's testimony, Green and Cummings testified that Omesa was "traveling at a high rate of speed" and "very fast" as he went through the intersection. Green testified that Omesa's audible siren was not on. Green's expert witness testified that Omesa caused the accident by failing to use due care, driving negligently, and failing to take evasive action.

Green sued the City of Houston, seeking to hold it vicariously liable for Omesa's negligence and independently liable for negligently hiring, training, and supervising Omesa. The City moved for summary judgment, arguing that the Texas Tort Claims Act does not waive the City's governmental immunity because the Act's emergency exception applies. The trial court denied the motion, and the court of appeals affirmed, holding that the evidence creates a fact issue as to whether Omesa was driving with reckless disregard for the safety of others. ___ S.W.3d ___, 2022 WL 97334, at *9 (Tex. App.—Houston [14th Dist.] Jan. 11, 2022). We disagree.

Governmental immunity generally bars tort claims against municipalities when the claim arises from the city's governmental functions. *See City of League City v. Jimmy Changas, Inc.*, No. 21-0307, 2023 WL 3909986, at *2 (Tex. June 9, 2023). The Tort Claims Act, however, waives immunity for claims arising from a city employee's operation or use of a motor-driven vehicle if the "employee would be personally liable to the claimant according to Texas law." TEX. CIV.

3

PRAC. & REM. CODE § 101.021(1).[2]  But this waiver does not apply if the employee was responding to an emergency, complied with applicable laws, and—in the absence of applicable laws—did not act with conscious indifference or reckless disregard for the safety of others:

> This chapter does not apply to a claim arising . . . from the action of an employee while responding to an emergency call or reacting to an emergency situation if the action is in compliance with the laws and ordinances applicable to emergency action, or in the absence of such a law or ordinance, if the action is not taken with conscious indifference or reckless disregard for the safety of others.

*Id.* § 101.055(2); *see also City of San Antonio v. Maspero*, 640 S.W.3d 523, 529 (Tex. 2022).

Green does not dispute that Omesa was responding to an emergency when this accident occurred, but she contends he violated Section 546.005 of the Texas Transportation Code and acted with reckless disregard for the safety of others.  Because Section 546.005 requires "appropriate regard"—and prohibits "reckless disregard"—for the safety of others,[3] Green's argument "largely collapses" into a single

---

[2] As an alternative to its reliance on the Act's emergency exception, the City also argued that the motor-driven vehicle waiver does not apply here because official immunity prevents Omesa from being personally liable to Green.  The court of appeals concluded that fact issues preclude summary judgment on that issue as well.  Because we conclude the emergency exception applies and prevents the waiver, we need not address the official-immunity issue.

[3] Chapter 546 generally authorizes operators of emergency vehicles to disregard traffic laws, including traffic lights and speed limits, when responding to an emergency call.  *See* TEX. TRANSP. CODE §§ 546.001, .002.  Under Section 546.005, however, they must still "operate the vehicle with appropriate regard for the safety of all persons" and may not operate it with "reckless disregard for the safety of others."  *Id.* § 546.005.

4

inquiry of whether Omesa acted recklessly. *See Maspero*, 640 S.W.3d at 529.

As we explained last term in *Maspero*, driving with "reckless disregard" involves more than a "momentary judgment lapse." *Id.* at 531. It requires a "willful or wanton disregard for the safety of persons or property," exhibiting "conscious indifference" while having "subjective awareness of an extreme risk." *Id.* (first quoting TEX. TRANSP. CODE § 545.401(a); and then quoting *Tarrant County v. Bonner*, 574 S.W.3d 893, 902 (Tex. 2019)). In other words, to drive with reckless disregard, the driver must commit "an act he knew or should have known posed a high degree of risk of serious injury" to others. *Id.* (quoting *Perez v. Webb County*, 511 S.W.3d 233, 236 (Tex. App.—San Antonio 2015, pet. denied)).

The court of appeals issued its decision in this case about a month before we decided *Maspero*. Relying on earlier decisions, however, it similarly described that Omesa drove with reckless disregard if he "knew the relevant facts" but "did not care what happened to [other] motorists." ___ S.W.3d ___, 2022 WL 97334, at *4 (quoting *Quested v. City of Houston*, 440 S.W.3d 275, 285 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (in turn quoting *City of San Antonio v. Hartman*, 201 S.W.3d 667, 672 & n.19 (Tex. 2006))). The court concluded that a fact issue exists as to recklessness "because the evidence supports an inference that Omesa entered the intersection without stopping[4] and

---

[4] In the court's view, Cummings's testimony that Omesa was "traveling at a high rate of speed" supports an inference that he did not come to a stop before entering the intersection. ___ S.W.3d ___, 2022 WL 97334, at *5-6.

5

without his sirens on, despite knowing that he had a red light, it was dark, that his view of the traffic was partially obstructed, and that a collision with another vehicle that could cause serious injury was possible." *Id.* at *6.

Considering all the uncontroverted evidence while accepting all disputed facts in Green's favor, this record cannot support a finding that Omesa acted with reckless disregard for the safety of others. Green provided no evidence to contradict that Omesa was responding to a priority-two emergency call involving an armed suspect, that he activated his overhead emergency lights, that he averaged 35 to 40 miles per hour, that he at least slowed his speed (if not stopped) before proceeding through each intersection, that he intermittently activated his audible siren, that other vehicles noticed him and stopped as he proceeded across Richmond Avenue, that those vehicles blocked his view of the lane Green was in, and that Green was traveling in the dark without her headlights on.

Although Green and Cummings testified that Omesa was traveling "very fast" or at "a high rate of speed," those descriptions lack specificity and no evidence establishes the type of high-speed travel that, by itself, could support a finding of reckless disregard. Nor does the fact that Omesa proceeded against a red light, which Texas law expressly permitted him to do "after slowing as necessary for safe operation." TEX. TRANSP. CODE § 546.001(2). And assuming as we must that he failed to activate his siren before entering the intersection, department policy placed that decision within his discretion.

6

Certainly, Green's evidence could support a finding that Omesa suffered a momentary lapse of judgment when he failed to activate his siren and proceeded across Richmond Avenue without coming to a complete stop. Indeed, Omesa himself conceded in his deposition that he failed to exercise due care at that point. But establishing a failure to exercise due care does not establish a reckless disregard for the safety of others. Nothing in this record could support a finding that Omesa knew he was creating a risk of serious injury and did not care what might happen to other motorists.

Because Green concedes that Omesa was responding to an emergency and because no evidence could support a finding that he acted with reckless disregard for the safety of others, the emergency exception applies, and the Tort Claims Act does not waive the City's governmental immunity. We grant the City's petition for review and, without hearing oral argument pursuant to Texas Rule of Appellate Procedure 59.1, reverse the court of appeals' judgment and render judgment dismissing Green's claims against the City.

**OPINION DELIVERED:** June 30, 2023